# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF RHODE ISLAND

IN RE:  ADRIANO FREIRE                                      CASE NO: 09-11809
        LOURDES MENDES                                      CHAPTER 13

## OBJECTION TO MOTION TO REOPEN

Now come the Debtors in the above entitled matter and hereby object to the motion to reopen filed by Midfirst Bank. The Debtors state as follows in support of their opposition:

1. The Debtors bankruptcy case was completely administered and the matter closed approximately 5 years ago;

2. The chapter 7 Trustee, the United States Trustee and all other creditors except for Midwest were noticeably silent throughout the entire bankruptcy process;

3. The current controversy between the Debtors and Midwest involves a post-bankruptcy claim for wrongful foreclosure of the Debtors residence. This claim only materialized after the foreclosure sale of Debtors residence which was consummated 6 months and two days after the bankruptcy case was closed;

4. Midfirst and its current law firm actively participated in the bankruptcy proceeding filing objections to certain chapter 13 documents and a subsequent motion to lift the automatic stay pertaining to its mortgage related claim. The stay motion was ultimately withdrawn.  Midwest and its lawyers were completely aware and are presumed to have knowledge of all the documents and schedules filed in the underlying bankruptcy case;

5. There is no question that: (1) the Debtors did not file a Statement of Intention as required under the bankruptcy code, (2) Midfirst knew of this deficiency while the bankruptcy case was pending, and (3) Midfirst did nothing during the pendency of the bankruptcy process to remedy this deficiency;

6. There is also no question that (1) Midfirst could have sought to compel the Debtors to comply with their obligations to state their intentions regarding the secured mortgage debt and (2) Midwest could have sought a panoply of available remedies during the bankruptcy process if the Debtors so failed to comply with their obligations.  But once again, what could have happened did not occur because Midfirst chose to do nothing during the bankruptcy process. Ironically, based on the travel of the bankruptcy case as interpreted

by Midfirst in its recent pleadings, a compelling case clearly existed for it to monitor compliance with the stated intention concerning their mortgage debt. Their pleadings are eerily silent regarding their failure to act while the bankruptcy was pending. The Court should not fix or correct their self-inflicted wounds;

7. The actions of Midwest are barred by the defense of laches. "The equitable doctrine of laches allows a court to dismiss a claim 'where a party's delay in bringing suit was (1) unreasonable, and (2) resulted in prejudice to the opposing party.' " Iglesias v. Mutual Life Ins. Co., 156 F.3d 237, 243 (1st Cir.1998), cert. denied. The papers filed by Midwest are devoid of any reasonable explanation for their delay in raising this issue sooner;

8. In a case with almost identical facts, the Bankruptcy Court in Florida denied a motion to reopen observing:

> "More than 5 years later, Green Tree seeks to reopen this bankruptcy case because the Debtor allegedly did not "perform her intention with respect to the real property" within 30 days of her statement of intention. Green Tree and its predecessors have slept on their rights. This Court, as a court of equity, will not assist it. A fundamental premise of the bankruptcy system is to give honest debtors a fresh start. This Debtor completed her Chapter 7 bankruptcy and was issued a discharge on February 3, 2010. If this Court were to grant Green Tree's Motion to Reopen, the Debtor's fresh start would be undone, the Debtor would be dragged back into a bankruptcy that ended more than 5 years ago, and every aspect of the Debtor's intervening financial life would be subject to being scrutinized years after the fact Green Tree's Motion to Reopen seeks relief that could have been sought long ago. Reopening this case would prejudice the Debtor. Accordingly, the elements of the defense of laches are met and Green Tree is barred from the relief it seeks."

In re Kourogenis,  539 625 B.R. ( Bankr. S.D. Fla. 2015);

9. Finally, while the issue of the meaning of surrender in the bankruptcy context is intellectually challenging and engendering much debate, there is simply <u>No</u> justification for the Court to exercise its discretion to reopen the bankruptcy matter. The *Failla* decision relied exclusively upon by Midfirst dealt with a debtor that stated an intention in his bankruptcy schedules to "surrender" the property. Thereafter, the Debtor continued to challenge the foreclosure of his property in state court. The 11th circuit was asked to address the meaning of "surrender" and concluded that surrender precluded the post-

petition challenge to a foreclosure sale. The facts in this case are critically different. Right or wrong, Debtors did not state any intention in their underlying bankruptcy case. So, there is no stated intention for the Court to interpret. Furthermore, the decision in *Failla* is not binding on this Court and has been criticized by a much more thoughtful and comprehensive recent bankruptcy court decision. *See* In re Ryan, 2016 WL 6102312 (Bankr. D. Hawaii oct.19, 2106);

10. Midwest has not shown appropriate cause to reopen the bankruptcy case. Though the issues raised in their pleading are interesting (and to those bankruptcy nerds probably quit fascinating), the Court should nevertheless resoundingly decline the invitation to jump into this fray at this time. The Motion to reopen should be denied.

                Adriano Freire
                Lourdes Mendes
                By their Attorney

                /s/Christopher M. Lefebvre
                Christopher M. Lefebvre, Esq. #4019
                Consumer & Family Law Center of
                Claude F. Lefebvre | Christopher M. Lefebvre, PC
                PO Box 479 • Pawtucket • RI • 02862
                Tel: (401) 728-6060 • Fax: (401) 728-6534
                chris@lefebvrelaw.com

Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATION OF SERVICE

I hereby certify that on December 7, 2016, I electronically filed an Objection to Motion of Midfirst Bank to Reopen Bankruptcy Case with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:Office of the U.S. Trustee, John Boyajian, Esq., Walter H. Porr, Jr., Esq.; and John B. Ennis, Esq., Susan W. Cody, Esq., Joe Lozano, Esq., and Thomas P. Quinn, Esq. and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document and a copy of the Notice of Electronic Filing to the following non CM/ECF participants:


Adriano Freire
204 Morris Avenue
Pawtucket, RI 02860

Lourdes Mendes
204 Morris Avenue
Pawtucket, RI 02860

MidFirst Bank
c/o Midland Mortgage Company
999 N.W. Grand Blvd.
Oklahoma City, OK 73118-6051

Midland Mortgage
PO Box 26648
Oklahoma City, OK 73126-0648


/s/Maria J. Ferreira